UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES AND ACQUISITON OF CELL-SITE INFORMATION FOR AT&T PHONE NUMBER (614) 330-7847 | MISC. NO. 2:17-mj-332<br><br>**Filed Under Seal** |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Brian Martinez, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), authorizing (1) the installation and use of pen registers and trap and trace devices ("pen-trap devices") on the AT&T cellular phone number (614) 330-7847 (the "**Target Cell Phone**"), listed subscriber/user a Hispanic male only known as "Gallo", and (2) the acquisition of telephone subscriber information, call detail records, certain approximate location information, and other dialing, routing, and signaling information that may be associated with communications to or from the **Target Cell Phone**, as described in Attachment A to the proposed Order, in connection with a criminal investigation conducted by the office of Homeland Security Investigations in Columbus, Ohio (HSI Columbus) and the Delaware County Drug Task Force (DCDTF) regarding possible violations of 21 U.S.C. § 846. In support of this application, the United States asserts as follows.

## LEGAL BACKGROUND

1. The Court may authorize the installation and use of pen-trap devices to collect prospective dialing, routing, signaling and addressing information associated with wire and electronic communications, not including the contents of any communication, pursuant to 18 U.S.C. §§ 3122-24. The Court may order a cell phone provider to disclose records or other information relating to the provider's subscribers pursuant to 18 U.S.C. §§ 2703(c)(1) and (d). Based on the combined authority of these statutes, the United States seeks prospective location information and other dialing, routing, signaling and addressing information concerning communications originating or terminating from the cell phone.

2. 18 U.S.C. § 3123(a)(1) gives the court the authority to authorize the installation and use of pen-trap devices anywhere within the United States, where the Court finds that an attorney for the Government has certified to the Court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. Under 18 U.S.C. § 3122(b), an application for the authorization of a pen-trap device must include three elements. (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure. The law enforcement agencies conducting the investigation are HSI Columbus and the DCDTF.

4. In a subsequent section of this application, the applicant will certify that the information likely to be obtained through this order is relevant to this ongoing criminal investigation.

5. AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d) to require AT&T to disclose the items requested herein.

6. A court order under 18 U.S.C. § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, a subsequent section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records or other information described in Section II of Attachment A are relevant and material to an ongoing criminal investigation.

## ADDITIONAL INFORMATION

7. A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with service providers, who maintain antenna towers covering specific geographic areas. In

3

order to transmit or receive calls and data, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

8. In addition to a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cell phone to a cellular antenna or tower – are like the telephone numbers of an incoming call. They can be recorded by pen-trap devices and indicate the identity of the cell phone device making the communication without revealing the communication's content.

9. AT&T is a company that provides cellular telephone access to the general public, and is headquartered at Dallas, Texas. Providers of cellular telephone service have technical capabilities that allow them to collect data that identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received radio signals from particular cell phones ("cell-site" location information). For each communication a cell phone makes, its cellular providers can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. Many cell towers divide their coverage up into multiple sectors (most

4

often three 120° sectors). Where this is the case, the provider can usually identify the sector of the tower that transmitted the communication. However, cell towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to the cell phone does not necessarily serve every call made to or from that phone. Accordingly, this cell-site information allows law enforcement to determine only the general location of a cell phone.

10. In addition, a list of incoming and outgoing telephone numbers is generated when a cell phone is used to make or receive calls, or to send or receive text messages (which may include photographs, videos, and other data). These telephone numbers can be recorded by pen-trap devices and then used to identify the parties to a communication without revealing the communication's contents. A cell phone can also be used to exchange text messages with email accounts. Email addresses associated with those text messages can be recorded by pen-trap devices and then used to identify parties to a communication without revealing the communication's contents.

## RELEVANT FACTS

11. The United States government, including HSI Columbus and the DCDTF, is investigating the trafficking of illegal narcotics, specifically heroin. The investigation concerns possible violations by unknown individuals of, inter alia, 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance).

12. The investigation relates to the distribution and sale of heroin within the Southern District of Ohio. Investigators believe that matters relevant to the offenses under investigation have been, and continue to be, discussed using the **Target Cell Phone**. Investigators believe that the user and subscriber of the **Target Cell Phone** is a

5

Hispanic male known only as "Gallo." "Gallo" is a target of the investigation and is believed to be involved in the conspiracy to distribute heroin within the Southern District of Ohio.

13. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by HSI Columbus and the DCDTF, as required by 18 U.S.C. § 3122(b)(2). Similarly, the facts set forth above show that there are reasonable grounds to believe that the records and information sought herein are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d). Specifically, this information will help the United States identify and locate the individual(s) who are responsible for the offenses described above and determine the nature and scope of their activities.

## GOVERNMENT REQUESTS

14. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the information described in Attachment A for each communication to or from the **Target Cell Phone**, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8), and does not seek GPS data.

15. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

16. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order AT&T and any other person or entity providing

6

wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by HSI Columbus, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

17. The United States further requests that the Court order that HSI Columbus and/or the DCDTF and the applicant have access to the information collected by the pen-trap devices as soon as practicable, 24 hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

18. The United States further requests that the Court order AT&T and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and HSI Columbus and/or the DCDTF of any changes relating to the **Target Cell Phone**, including changes to subscriber information and to provide prior notice to the applicant and HSI Columbus and/or the DCDTF before terminating or changing service to the **Target Cell Phone**.

19. The United States further requests, pursuant to 18 U.S.C. §3123(b)(1)(C), that this Court's order apply not only to telephone number (614) 330-7847, but to any subsequent instrument assigned to cellular telephone number (614) 330-7847, or to any changed cellular telephone numbers subsequently assigned to the same ESN/MEID utilized by telephone number (614) 330-7847, within the sixty day period, and that no further authorization is needed for any such changed cellular telephone number or

7

instrument. Should any such changes occur, they will be reported to the court within five (5) days of law enforcement learning of said change by an *in camera* submission to be placed under seal.

20. This Court has jurisdiction to issue the proposed Order because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

21. The United States further requests that the Order require AT&T and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber(s) of the **Target Cell Phone** the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court, except that AT&T may disclose this Order to an attorney for AT&T for the purpose of receiving legal advice. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2). Such a requirement is justified because the Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee from prosecution, destroy or tamper with evidence, endanger their own lives or safety, intimidate potential witnesses, change patterns of behavior, or notify confederates.

22. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. *See* 18 U.S.C. § 3123(d)(1). As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their disclosure may seriously jeopardize that investigation.

23. The foregoing is based on information provided to me in my personal capacity by agents of HSI Columbus and the DCDTF.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2017.

Respectfully submitted,

BRIAN J. MARTINEZ (CA 224587)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Brian.Martinez2@usdoj.gov

# ATTACHMENT A

## I. The Target Cell Phone

The Order applies to certain information associated with the following cell phone number: (614) 330-7847 (the **Target Cell Phone**).

## II. Information to Be Collected with Pen-Trap Devices

The pen-trap devices are authorized to collect the following information for the **Target Cell Phone** listed in Part I of this Attachment.

### a. Pursuant to 18 U.S.C. §§ 3122-24

All dialing, routing, addressing and signaling information associated with each communication to and from the **Target Cell Phone**, including, but not limited to:

i. Any unique identifiers associated with the **Target Cell Phone**, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.

ii. Source and destination telephone numbers and email addresses.

iii. IP addresses associated with the **Target Cell Phone** used to send or receive electronic communications.

iv. IP addresses of any websites or other servers to which the **Target Cell Phone** connected.

v. Date, time and duration of all communications.

### b. Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)

i. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the **Target Cell Phone** will connect at the beginning and end of each communication.

ii. Subscriber and billing information and call detail records (including from the past 30 days through present and extending through the duration of this order) related to the **Target Cell Phone**.

10